

**Stephen F. English**, OSB #730843
E-mail: steve.english@bullivant.com
**David A. Ernst**, OSB #851967
E-mail: dave.ernst@bullivant.com
**Scott Brooksby**, OSB #950562
E-mail: scott.brooksby@bullivant.com
BULLIVANT HOUSER BAILEY PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204-2089
Telephone: 503.228.6351
Facsimile: 503.295.0915
Attorneys for Corporation Of The Presiding
Bishop Of The Church Of Jesus Christ Of
Latter-day Saints, Corporation Of The
President Of The Church Of Jesus Christ Of
Latter-day Saints and Successors

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

CV '07 – 1499    PK

| | |
|---|---|
| JACK DOE 1, an individual proceeding under a fictitious name; JACK DOE 2, an individual proceeding under a fictitious name; JACK DOE 3, an individual proceeding under a fictitious name; JACK DOE 4, an individual proceeding under a fictitious name; JACK DOE 5, an individual proceeding under a fictitious name; and JACK DOE 6, an individual proceeding under a fictitious name, <br><br> Plaintiffs, <br><br> v. <br><br> CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign corporation sole registered to do business in the State of Oregon; CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND | Civil No.: <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** <br><br> Multnomah County Circuit Court Case No. 0710-11294 |

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION
Page 1**

17816

SUCCESSORS, a foreign corporation sole
registered to do business in the State of
Oregon; THE BOY SCOUTS OF
AMERICA, a congressionally chartered
corporation, authorized to do business in
Oregon; and CASCADE PACIFIC
COUNCIL, BOY SCOUTS OF AMERICA,
an Oregon non-profit corporation,

                    Defendants.

PLEASE TAKE NOTICE that pursuant to 28 USC §§ 1441 and 1446, defendants

Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints and

Corporation of the President of The Church of Jesus Christ of Latter-day Saints and

Successors (hereinafter "defendants") hereby remove to this Court the state court action

described below:

1.      On October 3, 2007, plaintiffs filed an action in the Circuit Court of the State

of Oregon for the County of Multnomah, styled and captioned exactly as above, as Case

No. 0710-11294.  The Complaint was delivered to counsel for Defendants that same day.

Defendants have not yet been served with the Complaint.

2.      No further proceedings have been had and fewer than thirty (30) days have

elapsed since this action became removable to this Court.  (28 USC § 1446(b).)

3.      This suit is a civil action of which this Court has original jurisdiction under

28 USC §§ 1331, and thus is one which may be removed to this Court by defendants

pursuant to the provisions of 28 USC § 1441(b).

4.      This Court has jurisdiction over this action pursuant to 28 USC § 1331

because plaintiff's right to relief under at least some of his state-law claims "requires

resolution of a substantial question of federal law."  *City of Chicago v. International College

of Surgeons*, 522 US 156 (1997).  Resolution of such claims turns on whether the pre-

emptive effect of the First Amendment to the United States Constitution renders those claims

**Bullivant|Houser|Bailey PC**

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION
Page 2**

non-justiciable in any civil court. The constitutional issues arise on the face of plaintiff's allegations. As to those claims, the First Amendment is not merely a defense, but, in fact, a complete constitutional preemption of the claims. Accordingly, such claims arise under the Constitution of the United States. *See* 28 USC § 1441(b).

    5.    Defendants The Boy Scouts of America and Cascade Pacific Council, Boy Scouts of America, join in and/or consent to this removal, having been served less than 30 days since this action became removable to this court.

    WHEREFORE, defendants give notice that this action, now pending in the Circuit Court of the State of Oregon for the County of Multnomah as Case No. 0710-11294, is hereby removed from that court to this Court.

    DATED this 9th day of October, 2007.

BULLIVANT HOUSER BAILEY PC

BY _____
    **Stephen F. English**
    OSB #730843
    **David A. Ernst**
    OSB #851967
    **Scott Brooksby**
    OSB #950562
    Telephone: 503.228.6351
    Attorneys for Corporation Of The Presiding Bishop
    Of The Church Of Jesus Christ Of Latter-day
    Saints, Corporation Of The President Of The Church
    Of Jesus Christ Of Latter-day Saints and Successors

**Bullivant|Houser|Bailey PC**

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: 503.228.6351

**NOTICE OF REMOVAL OF CIVIL ACTION
Page 3**

1

2

3

4                     IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                            FOR MULTNOMAH COUNTY

6    JACK DOE 1, an individual proceeding under a      )    Case No. 0710-11294
     fictitious name; JACK DOE 2, an individual        )
7    proceeding under a fictitious name; JACK          )
     DOE 3, an individual proceeding under a           )    **COMPLAINT**
8    fictitious name; JACK DOE 4, an individual        )    (Sexual Abuse of a Child/*Respondeat*
     proceeding under a fictitious name; JACK DOE      )    *Superior*, Intentional Infliction of
9    5, an individual proceeding under a fictitious    )    Emotional Distress/*Respondeat*
     name; and JACK DOE 6, an individual               )    *Superior*, Negligence)
10   proceeding under a fictitious name,               )
                                                       )
11                            Plaintiffs,              )
                                                       )
12            v.                                        )
                                                       )
13   CORPORATION OF THE PRESIDING                      )
     BISHOP OF THE CHURCH OF JESUS                     )
14   CHRIST OF LATTER-DAY SAINTS, a                    )
     foreign corporation sole registered to do        )
15   business in the State of Oregon;                  )
     CORPORATION OF THE PRESIDENT OF                   )
16   THE CHURCH OF JESUS CHRIST OF                     )    **JURY TRIAL DEMANDED**
     LATTER-DAY SAINTS AND                             )
17   SUCCESSORS, a foreign corporation sole           )    Not Subject to Mandatory Arbitration
     registered to do business in the State of         )
18   Oregon; THE BOY SCOUTS OF AMERICA,               )
     a congressionally chartered corporation,          )
19   authorized to do business in Oregon; and          )
     CASCADE PACIFIC COUNCIL, BOY                      )
20   SCOUTS OF AMERICA, an Oregon non-profit           )
     corporation,                                      )
21                                                     )
                              Defendants.
22
             Plaintiffs allege:
23
                            (Common Allegations)
24
                                  1.
25
        Plaintiff Jack Doe 1 is an adult male born in the year 1970, who at all times relevant to
26
     this complaint was an unemancipated minor child who attended religious services, camping trips,

O'DONNELL & CLARK
1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02:
FAX: (503) 306-0257

meetings, and events; received spiritual, service, and citizenship training and direction; or

participated in the activities promoted or sponsored by Defendants or agents of the

Defendants. Plaintiff Jack Doe 2 is an adult male born in the year 1973, who at all

times relevant to this complaint was an unemancipated minor child who attended

religious services, camping trips, meetings, and events; received spiritual, service, and

citizenship training and direction; or participated in the activities promoted or sponsored

by Defendants or agents of the Defendants. Plaintiff Jack Doe 3 is Plaintiff Jack Doe 2's

brother and an adult male born in the year 1972, who at all times relevant to this

complaint was an unemancipated minor child who attended religious services, camping

trips, meetings, and events; received spiritual service and citizenship training and

direction; or participated in the activities promoted or sponsored by Defendants or

agents of the Defendants. Plaintiff Jack Doe 4 is an adult male born in the year 1972,

who at all times relevant to this complaint was an unemancipated minor child who

attended religious services, camping trips, meetings, and events; received spiritual,

service, and citizenship training and direction; or participated in the activities promoted

or sponsored by Defendants or agents of the Defendants. Plaintiff Jack Doe 5 is an adult

male born in the year 1969, who at all times relevant to this complaint was an unemancipated

minor child who attended religious services, camping trips, meetings, and events; received

spiritual, service, and citizenship training and direction; or participated in the activities promoted

or sponsored by Defendants or agents of the Defendants. Plaintiff Jack Doe 6 is an adult male

born in the year 1969, who at all times relevant to this complaint was an unemancipated minor

child who attended religious services, camping trips, meetings, and events; received spiritual,

service, and citizenship training and direction; or participated in the activities promoted or

sponsored by defendants or agents of the Defendants.

2.

At all times relevant to this complaint, the Corporation of the President of the

Church of Jesus Christ of Latter-day Saints and Successors, was a foreign religious

O'DONNELL CLARK
1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

corporation sole of the Church of Jesus Christ of Latter-day Saints operating in Oregon.

1 At all times relevant to this complaint, the Corporation of the Presiding Bishop of the

2 Church of Jesus Christ of Latter-day Saints, was a foreign religious corporation sole of

3 the LDS Church operating in Oregon.  The Corporation of the President and

4 Corporation of the Presiding Bishop will be referred to collectively hereinafter as "LDS

5 Church."  As part of the LDS Church's religious mission, it authorized and selected

6 spiritual leaders, home teachers, and Sunday school teachers to educate and minister

7 to LDS families, including their children, in the congregation known as the "Cherry Park

8 Ward" (previously known as "10th Ward").  As part of their ministry, the leaders of the

9 Cherry Park Ward—agents of Defendant LDS Church—selected spiritual leaders, home

10 teachers, and Sunday school teachers to educate and minister to LDS families,

11 including their children.  All Church of Jesus Christ of Latter-day Saints Defendants will

12 be referred to hereinafter collectively as "LDS Defendants."

13

3.

14 At all times relevant to this complaint, Defendant Boy Scouts of America, was a

15 congressionally chartered corporation authorized to do business in Oregon. At all times

16 relevant to this complaint, Defendant Cascade Pacific Council, Boy Scouts of America was an

17 Oregon non-profit corporation.  These Defendants will be referred to hereinafter collectively

18 as "Boy Scout Defendants."  At all times relevant to this complaint, Defendants operated

19 various programs for boys, including Plaintiffs in this case, and selected adults to serve

20 as Scout Leaders.  Boy Scout Defendants operated a Boy Scout troop in connection

21 with and for the benefit of the Cherry Park Ward of the LDS Church.  At all times

22 relevant to this complaint, LDS Defendants were agents of the Boy Scout Defendants in

23 assisting the Boy Scouts with achieving Boy Scout Defendants' goals and providing Boy

24 Scout Defendants with meeting spaces, support, and promotion of scouting to LDS

25 members, including Plaintiffs in this case.

26
4.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02:
FAX: (503) 306-0257

Page 3 COMPLAINT

At all times relevant to this complaint, Timur Dykes, also known as "Timur Van Dykes" (hereinafter "Dykes") served as a spiritual leader, Home Teacher, Sunday school teacher, or (hereinafter collectively "Spiritual Leader") selected by LDS Defendants to educate and minister to LDS families and their children, including Plaintiffs in this case. At all times relevant to this complaint, Dykes also served as a scout leader, assistant, volunteer or in a similar capacity (hereinafter collectively "Scout Leader"), selected or accepted by Boy Scout Defendants to educate and train young boys, including Plaintiffs in this case, in morality, patriotism, and various life skills.

5.

Defendants empowered Dykes to perform all duties of a Spiritual Leader and a Scout Leader including educational and tutorial services, counseling, spiritual and moral guidance, religious instruction, and other duties. Defendants knew that as part of his duties as a Spiritual Leader and Scout Leader, Dykes would be in a position of trust and confidence with LDS members and scouts, including the Plaintiffs in this case.

6.

While working in the Cherry Park Ward, and for the purpose of furthering his assigned duties as a Spiritual Leader and Scout Leader, Dykes identified Plaintiffs' families as ones with adolescent or teenage boys; befriended Plaintiffs and their families; gained the families' trust and confidence as an educational and spiritual guide, and as a valuable and trustworthy mentor to Plaintiffs; gained the permission, acquiescence, and support of Plaintiffs' families to spend substantial periods of time alone with Plaintiffs; and sought and gained the instruction of Plaintiffs' parents to Plaintiffs that they were to have respect for Dykes' authority and to comply with Dykes' instruction and requests.

7.

For the purpose of furthering his duties as a Spiritual Leader and Scout Leader, Dykes also sought and gained the friendship, admiration and obedience of Plaintiffs. As a result, Plaintiffs were conditioned to trust Dykes, to comply with Dykes' direction, and to respect Dykes'

1650 N.W. Naito Parkway, Su
Portland, Oregon 9720ᶢ
Telephone: (503) 306-02ᶼ
FAX: (503) 306-0257

as a person of authority in spiritual, moral, and ethical matters.  The above course of conduct

described in this paragraph and in paragraphs 5 and 6, above, is hereinafter collectively referred

to as "Grooming."

### FIRST CLAIM FOR RELIEF
By Plaintiff Jack Doe 1 Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

8.

Plaintiff Jack Doe 1 realleges and incorporates by reference paragraphs 1 through 7,

above.

9.

Dykes, while acting within the course and scope of his employment and agency, and

using the authority and position of trust as a Spiritual Leader and Scout Leader for the

Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 1 to

engage in various sexual acts with Dykes.  These acts constituted a harmful or offensive touching

of Plaintiff Jack Doe 1.

10.

Specifically, Dykes sexually abused and molested Plaintiff Jack Doe 1 in 1983 through

approximately 1984, including instances of fondling inside clothing, digital penetration, as well

as instances of oral sex, all while Dykes was serving the Defendants.

11.

Dykes used the Grooming process to accomplish his acts of sexual molestation of

Plaintiff Jack Doe 1.  Dykes' Grooming was (1) committed in direct connection and for the

purposes of fulfilling Dykes' employment and agency with Defendants; (2) committed within the

time and space limits of his agency as Spiritual Leader and Scout Leader; (3) done initially and at

least in part from a desire to serve the interests of Defendants; (4) done directly in the

performance of his duties as Spiritual Leader and Scout Leader; (5) consisted generally of actions

of a kind and nature which Dykes was required to perform as a Spiritual Leader and Scout CLARK I

O'DONNELL & CLARK I
1650 N.W. Naito Parkway, Su
Portland, Oregon 9720ᵉ
Telephone: (503) 306-02ᵢ
FAX:  (503) 306-0257

1    Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the

2    Defendants.

12.

3    As a result of Dykes' sexual abuse, molestation, and breach of authority, trust, and

4    position as Spiritual Leader and Scout Leader to Jack Doe 1, Plaintiff Jack Doe 1 has suffered

5    and continues to suffer severe and debilitating physical, mental, and emotional injury, including

6    pain and suffering, physical and emotional trauma, and permanent psychological damage, all to

7    his non-economic damages in the amount of $4,000,000.00, the exact amount of which will be

8    proven at the time of trial.

9    13.

10    As an additional result and consequence of Dykes' sexual abuse, molestation, and breach

11    of authority, trust, and position as Spiritual Leader and Scout Leader to Jack Doe 1, Plaintiff Jack

12    Doe 1 has incurred and/or will incur in the future, costs for counseling, psychiatric and

13    psychological medical treatment all to his economic damages in the approximate amount of

14    $250,000.00, the exact amount of which will be proven at the time of trial.

15    1.

16    In 2007, Plaintiff Jack Doe 1 discovered the causal connection between his abuse set forth

17    in paragraph 9 and 10 above, and the injuries suffered in paragraphs 12 and 13 above.  Prior to

18    2007, Plaintiff Jack Doe 1 did not discover, and could not reasonably have discovered, the causal

19    connection between the abuse and the damages he suffered as a result of the abuse.

20

21    **SECOND CLAIM FOR RELIEF**
By Jack Doe 1 Against All Defendants

22    (Intentional Infliction of Emotional Distress/*Respondeat Superior*)

23    14.

24    Plaintiff Jack Doe 1 realleges and incorporates by reference paragraphs 1 through 14, above.

25    / / / /

26    15.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

Page 6 COMPLAINT

Dykes, while engaging in the Grooming process described in paragraphs 5, 6, and 7 above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 1 when he sexually battered and abused Plaintiff. Plaintiff Jack Doe 1 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

16.

Dykes used the Grooming process described in paragraphs 5, 6, and 7 above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 1. Dykes' Grooming was committed within the course and scope of his agency as described in paragraph 11, above.

17.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 1 and Dykes' breach of trust and position as a Spiritual Leader and Scout Leader to the Plaintiff, Plaintiff Jack Doe 1 has suffered permanent and lasting damages as detailed above in paragraphs 12 and 13, above.

**THIRD CLAIM FOR RELIEF**
By Plaintiff Jack Doe 2 Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

18.

Plaintiff Jack Doe 2 realleges and incorporates by reference paragraphs 1 through 7, above.

19.

Dykes, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Spiritual Leader and Scout Leader for the Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 2 to engage in various sexual acts with Dykes. These acts constituted a harmful or offensive touching of Plaintiff Jack Doe 2.

O'DONNELL & CLARK I
1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

Page 7 COMPLAINT

20.

Specifically, Dykes sexually abused and molested Plaintiff Jack Doe 2 for two years from 1983 through approximately 1985, including instances of fondling and mutual masturbation, as well as instances of oral sex, all while Dykes was serving the Defendants.

21.

Dykes used the Grooming process to accomplish his acts of sexual molestation of the Plaintiff. Dykes's Grooming was (1) committed in direct connection and for the purposes of fulfilling Dykes's employment and agency with the Defendants; (2) committed within the time and space limits of his agency as Spiritual Leader and Scout Leader; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as Spiritual Leader and Scout Leader; (5) consisted generally of actions of a kind and nature which Dykes was required to perform as a Spiritual Leader and Scout Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

22.

As a result of Dykes's sexual abuse, molestation, and breach of authority, trust and position as Spiritual Leader and Scout Leader to Jack Doe 2, Plaintiff Jack Doe 2 has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, all to his non-economic damages in the amount of $4,000,000.00.

23.

As an additional result and consequence of Dykes's sexual abuse, molestation, breach of authority, trust and position as Spiritual Leader and Scout Leader to Jack Doe 2, Plaintiff Jack Doe 2 has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

2.

In 2005, Plaintiff Jack Doe 2 discovered the causal connection between his abuse set forth

in paragraph 20 and 21 above, and the injuries suffered in paragraphs 23 and 24 above.  Prior to 2005, Plaintiff Jack Doe 2 did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse.

**FOURTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 2 Against All Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

24.

Plaintiff Jack Doe 2 realleges and incorporates by reference paragraphs 1 through 7 and 19 through 25, above.

25.

Dykes, while engaging in the Grooming process described in paragraphs 5, 6, and 7 above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 2 when he sexually battered and abused Plaintiff.  Plaintiff Jack Doe 2 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

26.

Dykes used the Grooming process described in paragraphs 5, 6, and 7 above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 2.  Dykes' Grooming was committed within the course and scope of his agency as described in paragraph 22, above.

27.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 2 and Dykes' breach of trust and position as a Spiritual Leader and Scout Leader to the Plaintiff, Plaintiff Jack Doe 2 has suffered permanent and lasting damages as detailed in paragraphs 23 and 24, above.

**FIFTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 3 Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 9720ϵ
Telephone: (503) 306-02ϵ
FAX:  (503) 306-0257

Page 9 COMPLAINT

28.

Plaintiff Jack Doe 3 realleges and incorporates by reference paragraphs 1 through 7, above.

29.

Dykes, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Spiritual Leader and Scout Leader for the Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 3 to engage in various sexual acts with Dykes.  These acts constituted a harmful or offensive touching of Plaintiff Jack Doe 3.

30.

Specifically,  Dykes sexually abused and molested Plaintiff Jack Doe 3 in 1983 or 1984 by engaging in fondling and mutual masturbation, all while Dykes was serving the Defendants.

31.

Dykes used the Grooming process to accomplish his acts of sexual molestation of the Plaintiff.  Dykes's Grooming was (1) committed in direct connection and for the purposes of fulfilling Dykes's employment and agency with the Defendants; (2) committed within the time and space limits of his agency as Spiritual Leader and Scout Leader; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as Spiritual Leader and Scout Leader; (5) consisted generally of actions of a kind and nature which Dykes was required to perform as a Spiritual Leader and Scout Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

32.

As a result of  Dykes's sexual abuse, molestation, and breach of authority, trust and position as Spiritual Leader and Scout Leader to Jack Doe 3, Plaintiff Jack Doe 3 has suffered and continues to suffer severe debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, all to his non-economic damages in the amount of $4,000,000.00.

O'DONNELL & CLARK I
1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02:
FAX: (503) 306-0257

33.

As an additional result and consequence of Dykes's sexual abuse, molestation, breach of authority, trust and position as Spiritual Leader and Scout Leader to Jack Doe 3, Plaintiff Jack Doe 3 has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

3.

In 2006, Plaintiff Jack Doe 3 discovered the causal connection between his abuse set forth in paragraph 31 and 32 above, and the injuries suffered in paragraphs 34 and 35 above. Prior to 2006, Plaintiff Jack Doe 3 did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse.

**SIXTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 3 Against All Defendants
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

34.

Plaintiff Jack Doe 3 realleges and incorporates by reference paragraphs 1 through 7 and 30 through 36, above.

35.

Dykes, while engaging in the Grooming process described in paragraphs 5, 6, and 7 above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 3 when he sexually battered and abused Plaintiff. Plaintiff Jack Doe 3 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

36.

Dykes used the Grooming process described in paragraphs 5, 6, and 7 above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 3. Dykes

1  Grooming was committed within the course and scope of his agency as described in paragraph

   33, above.

2

                                        37.

3

4      As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 3

   and Dykes' breach of trust and position as a Spiritual Leader and Scout Leader to the Plaintiff,

5

   Plaintiff Jack Doe 3 has suffered permanent and lasting damages as detailed above in paragraphs

6

   34 and 35, above.

7

8                          **SEVENTH CLAIM FOR RELIEF**
                         By Plaintiff Jack Doe 4 Against All Defendants
9                         (Sexual Abuse of a Child/*Respondeat Superior*)

10                                      38.

11     Plaintiff Jack Doe 4 realleges and incorporates by reference paragraphs 1 through 7,

12  above.

13                                      39.

14     Dykes, while acting within the course and scope of his employment and agency, and

15  using the authority and position of trust as a Spiritual Leader and Scout Leader for the

16  Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 4 to

17  engage in various sexual acts with Dykes.  These acts constituted a harmful or offensive touching

18  of Plaintiff Jack Doe 4.

19  ////

20                                      40.

21     Specifically, Dykes sexually abused and molested Plaintiff Jack Doe 4 in 1983 or 1984 by

22  engaging in touching, fondling outside clothing, and attempted fondling inside clothing, all while

23  Dykes was serving the Defendants.

24                                      41.

25     Dykes used the Grooming process to accomplish his acts of sexual molestation of the

26  Plaintiff Jack Doe 4.  Dykes' Grooming was (1) committed in direct connection and not the

O'DONNELL & CLARK l
1650 N.W. Naito Parkway, Su
Portland, Oregon 9720S
Telephone: (503) 306-02:
FAX: (503) 306-0257

purposes of fulfilling Dykes' employment and agency with the Defendants; (2) committed within the time and space limits of his agency as Spiritual Leader and Scout Leader; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as Spiritual Leader and Scout Leader; (5) consisted generally of actions of a kind and nature which Dykes was required to perform as a Spiritual Leader and Scout Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

42.

As a result of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Spiritual Leader and Scout Leader to Jack Doe 4, Plaintiff Jack Doe 4 has suffered and continues to suffer severe and debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, all to his non-economic damages in the amount of $4,000,000.00, the exact amount of which will be proven at the time of trial.

43.

As an additional result and consequence of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Spiritual Leader and Scout Leader to Jack Doe 4, Plaintiff Jack Doe 4 has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

4.

In 2007, Plaintiff Jack Doe 4 discovered the causal connection between his abuse set forth in paragraph 42 and 43 above, and the injuries suffered in paragraphs 45 and 46 above. Prior to 2007, Plaintiff Jack Doe 4 did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse.

**EIGHTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 4 Against All Defendants

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 9720S
Telephone: (503) 306-02;
FAX: (503) 306-0257

Page 13 COMPLAINT

(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

44.

Plaintiff Jack Doe 4 realleges and incorporates by reference paragraphs 1 through 7 and 41 through 47, above.

45.

Dykes, while engaging in the Grooming process described in paragraphs 5, 6, and 7, above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 4 when he sexually battered and abused Plaintiff. Plaintiff Jack Doe 4 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

46.

Dykes used the Grooming process described in paragraphs 5, 6, and 7, above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 4. Dykes' Grooming was committed within the course and scope of his agency as described in paragraph 44, above.

47.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 4 and Dykes' breach of trust and position as a Spiritual Leader and Scout Leader to the Plaintiff, Plaintiff Jack Doe 4 has suffered permanent and lasting damages as detailed above in paragraphs 45 and 46, above.

**NINTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 5 Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

48.

Plaintiff Jack Doe 5 realleges and incorporates by reference paragraphs 1 through 7, above.

49.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 9720ᵍ
Telephone: (503) 306-02ʲ
FAX: (503) 306-0257

Page 14 COMPLAINT

1      Dykes, while acting within the course and scope of his employment and agency, and

2   using the authority and position of trust as a Spiritual Leader and Scout Leader for the

    Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 5 to

3   engage in various sexual acts with Dykes.  These acts constituted a harmful or offensive touching

4   of Plaintiff Jack Doe 5.

5                                    50.

6      Specifically, Dykes sexually abused and molested Plaintiff Jack Doe 5 during the years

7   1980 through approximately 1983, all while Dykes was serving the Defendants.  Plaintiff Jack

8   Doe 5 has memory of Dykes' abuse, but has no recollection of the specific, discrete instances of

9   abuse committed by Dykes due to psychological coping mechanisms.

10                                   51.

11     Dykes used the Grooming process to accomplish his acts of sexual molestation of the

12  Plaintiff Jack Doe 5.  Dykes' Grooming was (1) committed in direct connection and for the

13  purposes of fulfilling Dykes' employment and agency with the Defendants; (2) committed within

14  the time and space limits of his agency as Spiritual Leader and Scout Leader; (3) done initially

15  and at least in part from a desire to serve the interests of Defendants; (4) done directly in the

16  performance of his duties as Spiritual Leader and Scout Leader; (5) consisted generally of actions

17  of a kind and nature which Dykes was required to perform as a Spiritual Leader and Scout

18  Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the

19  Defendants.

20                                   52.

21     As a result of Dykes' sexual abuse, molestation, and breach of authority, trust, and

22  position as Spiritual Leader and Scout Leader to Jack Doe 5, Plaintiff Jack Doe 5 has suffered

23  and continues to suffer severe debilitating physical, mental, and emotional injury, including pain

24  and suffering, physical and emotional trauma, and permanent psychological damage, all to his

25  non-economic damages in the amount of $4,000,000.00, the exact amount of which will be

26  proven at the time of trial.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

53.

As an additional result and consequence of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Spiritual Leader and Scout Leader to Jack Doe 5, Plaintiff Jack Doe 5 has incurred and/or will incur in the future, costs for counseling, psychiatric and psychological medical treatment all to his economic damages in the approximate amount of $250,000.00, the exact amount of which will be proven at the time of trial.

5.

In 2007, Plaintiff Jack Doe 5 discovered the causal connection between his abuse set forth in paragraph 53 and 54 above, and the injuries suffered in paragraphs 56 and 57 above. Prior to 2007, Plaintiff Jack Doe 5 did not discover, and could not reasonably have discovered, the causal connection between the abuse and the damages he suffered as a result of the abuse.

////

////

////

////
////

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02:
FAX: (503) 306-0257

## TENTH CLAIM FOR RELIEF
By Plaintiff Jack Doe 5 Against All Defendants

(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

54.

Plaintiff Jack Doe 5 realleges and incorporates by reference paragraphs 1 through 7 and 52 through 58, above.

55.

Dykes, while engaging in the Grooming process described in paragraphs 5, 6, and 7, above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 5 when he sexually battered and abused Plaintiff. Plaintiff Jack Doe 5 did in fact suffer severe emotional distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all socially tolerable conduct.

56.

Dykes used the Grooming process described in paragraphs 5, 6, and 7, above, to intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 5. Dykes' Grooming was committed within the course and scope of his agency as described in paragraph 55, above.

57.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 5 and Dykes' breach of trust and position as a Spiritual Leader and Scout Leader to the Plaintiff, Plaintiff Jack Doe 5 has suffered permanent and lasting damages as detailed above in paragraphs 56 and 57, above.

## ELEVENTH CLAIM FOR RELIEF
By Plaintiff Jack Doe 6 Against All Defendants
(Sexual Abuse of a Child/*Respondeat Superior*)

58.

Plaintiff Jack Doe 6 realleges and incorporates by reference paragraphs 1 through 7, above.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02:
FAX: (503) 306-0257

59.

Dykes, while acting within the course and scope of his employment and agency, and using the authority and position of trust as a Spiritual Leader and Scout Leader for the Defendants—through the Grooming process—induced and directed Plaintiff Jack Doe 6 to engage in various sexual acts with Dykes. These acts constituted a harmful or offensive touching of Plaintiff Jack Doe 6.

60.

Specifically, Dykes sexually abused and molested Plaintiff Jack Doe 6 in approximately 1981 or 1982 by engaging in touching, fondling inside clothing, and attempted penetration, all while Dykes was serving the Defendants.

61.

Dykes used the Grooming process to accomplish his acts of sexual molestation of the Plaintiff Jack Doe 6. Dykes' Grooming was (1) committed in direct connection and for the purposes of fulfilling Dykes' employment and agency with the Defendants; (2) committed within the time and space limits of his agency as Spiritual Leader and Scout Leader; (3) done initially and at least in part from a desire to serve the interests of Defendants; (4) done directly in the performance of his duties as Spiritual Leader and Scout Leader; (5) consisted generally of actions of a kind and nature which Dykes was required to perform as a Spiritual Leader and Scout Leader; and (6) was done at the direction of, and pursuant to, the power vested in him by the Defendants.

62.

As a result of Dykes' sexual abuse, molestation, and breach of authority, trust, and position as Spiritual Leader and Scout Leader to Jack Doe 6, Plaintiff Jack Doe 6 has suffered and continues to suffer severe and debilitating physical, mental, and emotional injury, including pain and suffering, physical and emotional trauma, and permanent psychological damage, all to his non-economic damages in the amount of $4,000,000.00, the exact amount of which will be proven at the time of trial.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

63.

1
As an additional result and consequence of Dykes' sexual abuse, molestation, and breach

2
of authority, trust, and position as Spiritual Leader and Scout Leader to Jack Doe 6, Plaintiff Jack

3
Doe 6 has incurred and/or will incur in the future, costs for counseling, psychiatric and

4
psychological medical treatment all to his economic damages in the approximate amount of

5
$250,000.00, the exact amount of which will be proven at the time of trial.

6
6.

7
In 2007, Plaintiff Jack Doe 6 discovered the causal connection between his abuse set forth

8
in paragraph 64 and 65 above, and the injuries suffered in paragraphs 67 and 68 above.  Prior to

9
2007, Plaintiff Jack Doe 6 did not discover, and could not reasonably have discovered, the causal

10
connection between the abuse and the damages he suffered as a result of the abuse.

11

12
**TWELFTH CLAIM FOR RELIEF**
By Plaintiff Jack Doe 6 Against All Defendants

13
(Intentional Infliction of Emotional Distress/*Respondeat Superior*)

14
64.

15
Plaintiff Jack Doe 6 realleges and incorporates by reference paragraphs 1 through 7 and

16
63 through 69, above.

17
65.

18
Dykes, while engaging in the Grooming process described in paragraphs 5, 6, and 7,

19
above, knowingly and intentionally caused severe emotional distress to Plaintiff Jack Doe 6 when

20
he sexually battered and abused Plaintiff.  Plaintiff Jack Doe 6 did in fact suffer severe emotional

21
distress as a result of this abuse, and the sexual abuse of a child is beyond the bounds of all

22
socially tolerable conduct.

23
////

24
66.

25
Dykes used the Grooming process described in paragraphs 5, 6, and 7, above, to

26
intentionally inflict severe emotional distress through the abuse of Plaintiff Jack Doe 6. Dykes

O'DONNELL & CLARK l
1650 N.W. Naito Parkway, Su
Portland, Oregon 9720S
Telephone: (503) 306-02:
FAX:  (503) 306-0257

Grooming was committed within the course and scope of his agency as described in paragraph 66, above.

67.

As a result of Dykes' intentional infliction of emotional distress on Plaintiff Jack Doe 6 and Dykes' breach of trust and position as a Spiritual Leader and Scout Leader to the Plaintiff, Plaintiff Jack Doe 6 has suffered permanent and lasting damages as detailed above in paragraphs 67 and 68, above.

## THIRTEENTH CLAIM FOR RELIEF
### By All Plaintiffs Against All Defendants
### (Negligence re-Dykes)

68.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 73, above.

69.

Defendants created a special relationship with Plaintiffs by inviting and encouraging them to participate in religious and other activities within the LDS Church and Boy Scouts and with their Spiritual Leader and Scout Leader. This special relationship created a duty of care on the part of Defendants to ensure Plaintiffs' safety while participating in Defendants' activities..

70.

During the time all Plaintiffs were sexually abused by Dykes, LDS Defendants had knowledge or should have known of Dykes' dangerousness to children. In or about 1981 or 1982, LDS Defendants discovered that Dykes had sexually abused a minor child who was a LDS member and scout, and LDS Defendants conducted their own investigation into the allegations.

////

71.

It was foreseeable at the time to Defendants—and they knew or should have known—that pedophiles or pedeophilic predators most often engage in serial abuse of minors under their care, and that where a sexual predator is discovered, there are certainly additional victims that have

O'DONNELL & CLARK
1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02{
FAX: (503) 306-0257

either not been discovered or who remain silent about the abuse.

72.

Defendants' retention of Dykes created a foreseeable risk of harm to the safety of children in the care of the Defendants. Defendants' failure to supervise Dykes and prevent or control his isolation and domination of younger children created a foreseeable risk of harm to the safety of children in the care of Defendants and Defendants therefore knowingly allowed and permitted or encouraged child abuse. Plaintiffs' interest in being free from sexual molestation is an interest of a kind that the law protects against negligent invasion. Defendants' retention of Dykes and failure to supervise Dykes was unreasonable in light of the risk posed to young children by unsupervised instructors, and Defendants' retention of Dykes and failure to supervise Dykes was a cause of the molestation suffered by Plaintiffs, as alleged in paragraphs 9, 10, 20, 21, 31, 32, 42, 43, 53, 54, 64, and 65, above.

73.

Defendants unreasonably created a foreseeable risk to the protected interest of Plaintiffs—were negligent—in at least one of the following particulars:

a.  In failing to thoroughly investigate the possibility of abuse to the Plaintiffs and scouts who had significant contact with Dykes, upon learning of Dykes' prior abuse of a LDS member and scout;

b.  In failing to report the abuse to law enforcement;

c.  In failing to provide or pursue mental health services to Plaintiffs;

d.  In failing to thoroughly interrogate Dykes to determine the existence of other victims; and

e.  In failing to remove Dykes from contact with children.

74.

As a direct and foreseeable consequence of Defendants' negligence Plaintiffs have suffered damages as described in paragraphs 12, 13, 23, 24, 34, 35, 45, 46, 56, 57, 67, and 68, above.

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

Page 21 COMPLAINT

1
## FOURTEENTH CLAIM FOR RELIEF
By All Plaintiffs Against LDS Defendants
2
(Negligence Institution-Wide)

3
### 75.

4
Plaintiffs reallege and incorporate by reference paragraphs 1 through 80 above.

5
### 76.

6
From at least the 1960s if not earlier, LDS Defendants knew that LDS callings and
7
assignments were being used by pedophiles to victimize children and that LDS Defendants had
8
an institution-wide child abuse problem. Despite this knowledge, LDS Defendants did not
9
implement adequate child sex abuse policies.

10
### 77.

11
This institutional failure by LDS Defendants was a substantial contributing factor to the
12
abuse of Plaintiffs. LDS Defendants' failure to implement adequate child abuse policies created
13
a foreseeable risk of harm to the safety of children in the care of the LDS Defendants, including
14
these plaintiffs.

15
### 78.

16
As a direct and foreseeable consequence of LDS Defendants' negligence as described
17
above, Plaintiffs have suffered damages as described in paragraphs 12, 13, 23, 24, 34, 35, 45, 46,
18
56, 57, 67, and 68, above.

19
/ / / /

20
/ / / /

21
### 79.

22
Pursuant to ORS § 31.725, Plaintiffs hereby give notice to Defendants of their
23
intent to move for punitive damages against the Defendants at any time after the filing
24
of this complaint.

25

26
## FIFTEENTH CLAIM FOR RELIEF
By All Plaintiffs Against Boy Scouts of America

O'DONNELL & CLARK I
1650 N.W. Naito Parkway, Su
Portland, Oregon 97206
Telephone: (503) 306-02Z
FAX: (503) 306-0257

and Cascade Pacific Council Defendants
(Negligence Institution-Wide)

86.

Plaintiffs reallege and incorporate by reference paragraphs 1 through 80 above.

87.

From at least the 1960s if not earlier, Boys Scouts and Cascade Pacific Counsel Defendants knew that assignments were being used by pedophiles to victimize children and that Boys Scouts and Cascade Pacific Counsel Defendants had an institution-wide child abuse problem. Despite this knowledge, Boy Scouts and Cascade Pacific Counsel Defendants did not implement adequate child sex abuse policies.

88.

This institutional failure by the Boys Scouts and Cascade Pacific Counsel Defendants was a substantial contributing factor to the abuse of Plaintiffs. Boys Scouts and Cascade Pacific Counsel Defendants' failure to implement adequate child abuse policies created a foreseeable risk of harm to the safety of children in the care of the Boys Scouts and Cascade Pacific Counsel Defendants, including these plaintiffs.

89.

As a direct and foreseeable consequence of Boys Scouts and Cascade Pacific Counsel Defendants' negligence as described above, Plaintiffs have suffered damages as described in paragraphs 12, 13, 23, 24, 34, 35, 45, 46, 56, 57, 67, and 68, above.

////

90.

Pursuant to ORS § 31.725, Plaintiffs hereby give notice to Defendants of their intent to move for punitive damages against the Defendants at any time after the filing of this complaint.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.     Non-economic damages for Plaintiff Jack Doe 1 in the amount of $4,000,000.00 su

the exact amount to be determined by the jury at the time of trial;

1

2.      Economic damages for Plaintiff Jack Doe 1 in the amount of $250,000.00, the

2

exact amount to be determined by the jury at the time of trial;

3

3.      Non-economic damages for Plaintiff Jack Doe 2 in the amount of $4,000,000.00,

4

the exact amount to be determined by the jury at the time of trial;

5

4.      Economic damages for Plaintiff Jack Doe 2 in the amount of $250,000.00, the

6

exact amount to be determined by the jury at the time of trial;

7

5.      Non-economic damages for Plaintiff Jack Doe 3 in the amount of $4,000,000.00,

8

the exact amount to be determined by the jury at the time of trial;

9

6.      Economic damages for Plaintiff Jack Doe 3 in the amount of $250,000.00, the

10

exact amount to be determined by the jury at the time of trial;

11

7.      Non-economic damages for Plaintiff Jack Doe 4 in the amount of $4,000,000.00,

12

the exact amount to be determined by the jury at the time of trial;

13

8.      Economic damages for Plaintiff Jack Doe 4 in the amount of $250,000.00, the

14

exact amount to be determined by the jury at the time of trial;

15

9.      Non-economic damages for Plaintiff Jack Doe 5 in the amount of $4,000,000.00,

16

the exact amount to be determined by the jury at the time of trial;

17

10.     Economic damages for Plaintiff Jack Doe 5 in the amount of $250,000.00, the

18

exact amount to be determined by the jury at the time of trial;

19

11.     Non-economic damages for Plaintiff Jack Doe 6 in the amount of $4,000,000.00,

20

the exact amount to be determined by the jury at the time of trial;

21

12.     Economic damages for Plaintiff Jack Doe 6 in the amount of $250,000.00, the

22

exact amount to be determined by the jury at the time of trial;

23

13.     For Plaintiffs' costs and disbursements incurred; and

24

14.     For any other relief this Court deems just and equitable.

25

DATED this _____ day of October, 2007.

26

O'DONNELL & CLARK LLP

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-02;
FAX: (503) 306-0257

Page 24 COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Kelly Clark, OSB #83172
Kristian Roggendorf, OSB #01399
Of Attorneys for Plaintiffs

O'DONNELL & CLARK I

1650 N.W. Naito Parkway, Su
Portland, Oregon 97209
Telephone: (503) 306-022
FAX: (503) 306-0257

## CERTIFICATE OF SERVICE

I certify that on October 9, 2007, I served a true copy of the foregoing **NOTICE OF**

**REMOVAL OF CIVIL ACTION** on the attorneys listed below by the method indicated on

said day.

Kelly Clark                                                        **HAND DELIVERED**
1650 NW Naito Parkway, Ste. 302
Portland, OR  97209

Attorneys for Plaintiffs

Scott J. Meyer                                                  **HAND DELIVERED**
Mitchell Lang & Smith
101 SW Main St., Ste. 2000
Portland, OR  97204

Attorneys for Defendant The Boy Scouts of America

Paul R. Xochihua                                            **HAND DELIVERED**
Nicole M. Rhoades
Davis Rothwell Earle & Xochihua PC
1300 SW 5th Ave., Ste. 1900
Portland, OR  97201

Attorneys for Defendant Cascade Pacific Council, Boy Scouts of America

_____
Scott Brooksby

Attorneys for Defendants Corporation of the Presiding
Bishop of the Church of Jesus Christ of Latter-day Saints
and Corporation of the President of the Church of Jesus
Christ of Latter-day Saints and Successors

Bullivant|Houser|Bailey PC

888 S.W. Fifth Avenue, Suite 300
Portland, Oregon  97204-2089
Telephone: 503.228.6351

**CERTIFICATE OF SERVICE**
**Page 1**